BESSIE KIRKLAND *v.* THE TEXAS EXPRESS CO.

1. CHANCERY PRACTICE. *Publication for unknown parties. Affidavit.*
   An affidavit to support an order of publication for unknown defendants is insufficient, if it only states that the other parties interested are unknown, and does not further aver that diligent exertions have been made, without success, to ascertain their names. Code 1871, § 1069.

2. SAME. *Clerk cannot be agent for litigants.*
   A clerk of court, and especially a chancery clerk, who, in this State, exercises *quasi* judicial functions in many official acts, cannot act as the agent of a litigant in his court, although he receives no compensation for such agency.

3. SAME. *Partition bill. Evidence of indivisibility of land.*
   In partition proceedings, although the act of Feb. 25, 1875 (Acts 1875, p. 119), dispenses with the appointing of commissioners, proof of the necessity of a sale of the land must be made by documentary evidence, or depositions taken on notice, and the *ex parte* affidavit of the complainant's solicitor is not legal proof.

4. SAME. *Sale of land. Inadequacy of price. Epidemic and quarantine.*
   A sale of the land in such a case should be set aside, if made for a grossly inadequate price, when the yellow-fever prevailed at adjoining places, and, owing to a quarantine, the parties interested were prevented from being present.

APPEAL from the Chancery Court of Jackson County.

Hon. GEORGE WOOD, Chancellor.

The appellee, a company incorporated by a law of Texas, filed this bill against the appellant and persons unknown, for the sale of lands and division of the proceeds among those interested, on the allegation that it was impossible to make partition of the property without impairing its value, stating that the post-office of the appellant and the names of the other persons owning interests in the lands were unknown to the complainant. The bill, which asked for the usual order of publication, was sworn to before a justice of the peace by " A. G. Delmas, agent for the Texas Express Company." On an affidavit, verified by the same person in the same manner, which stated that the residence and address of the appellant could not be discovered after diligent inquiry, and that the other de-

fendants were unknown, A. G. Delmas, as clerk of the court, entered an order of publication, and before him the proof thereof was made.   On the return-day, at rules, the clerk entered a *pro confesso* against the unknown defendants, and for the appellant, who was a non-resident minor, appointed a guardian *ad litem*, by whom she answered.   The complainant's solicitor, who signed the bill, made affidavit before the clerk that he had seen and knew most of the land mentioned in the bill, and from his knowledge and belief the land, owing to its nature and condition, could not be fairly and equally divided without impairing its value ; and, thereupon, the clerk entered a decree directing " A. G. Delmas, a commissioner of this court," to sell the land for cash.   At the September term of court, 1878, the Chancellor confirmed the various acts of the clerk.   Subsequently the commissioner reported that, on Aug. 17, 1878, he had sold the lands, when A. E. Lewis bought forty acres for five dollars, C. L. Hempstead three hundred and twenty acres for fifty dollars, and the Texas Express Company seven hundred acres for one hundred and sixty dollars, and that he had executed deeds to the purchasers.   The report was confirmed, notwithstanding the appellant's exceptions, which were that the commissioner and clerk was agent of the corporation ; that the affidavit and proceedings were insufficient to bring in the unknown parties ; that the evidence was insufficient to sustain the decree ; and that the land was sold for an inadequate price when the prevalence of the yellow-fever at adjacent points, with a strict county quarantine, prevented competition among bidders and the presence of parties interested.   Affidavits were read in support of the last exception.   A. G. Delmas stated that he was agent of the express company, but received no compensation.

*Stewart & Pillans*, for the appellant.

The proceedings to make the unknown parties defendants were fatally defective. *Zecharie* v. *Bowers*, 3 S. & M. 641.  Code 1871, § 1069, must be complied with in the affidavit.  *Foster* v. *Simmons*, 40 Miss. 585.  The rule is the same under like statutes in other States. *Denning* v. *Corwin*, 11 Wend. 647 ; *Opelika* v. *Daniel*, 59 Ala. 211 ; *Earle* v. *McVeagh*, 91 U. S. 507.  In this State, it is decided that the absence of a co-

tenant renders the decree of sale nugatory. *Vick* v. *Vicksburg*, 1 How. 379 ; *Hamilton* v. *Lockhart*, 41 Miss. 460 ; *Ingersoll* v. *Ingersoll*, 42 Miss. 155 ; *Winston* v. *McLendon*, 43 Miss. 254. It is elsewhere generally held that a final decree, which in a great measure decides the merits of the cause, cannot be pronounced until all the parties interested in the subject-matter are before the court. *Barney* v. *Baltimore*, 6 Wall. 280 ; *Conn* v. *Penn*, 5 Wheat. 424 ; *Shields* v. *Barrow*, 17 How. 130 ; *Hartley* v. *Bloodgood*, 16 Ala. 233.

2. The clerk acting judicially was disqualified to make the decree, because he was a party to the record as the express company's agent. The fact that he received no compensation does not alter the result. He conducted the case for the corporation, was the commissioner who made the sale and the judge who ordered it. No one should be a judge in his own case, and no clerk should be agent for a litigant in his own court. This rule, indisputable in principle, has been recognized in most codes and some constitutions. Freeman on Judgments, 145 ; Cooley Const. Lim. 411, 413 ; *Heydenfeldt* v. *Towns*, 27 Ala. 423. It is announced in this State. *Grinstead* v. *Buckley*, 32 Miss. 148.

3. By Const., art. 12, § 18, the land must be sold in small tracts. How then was it possible to say that it could not be divided ? In fact, it was sold to several purchasers. Yet on a single *ex parte* affidavit of the complainant's solicitor, who professed to state his opinion only, the clerk decided that more than a thousand acres of land was not susceptible of division. The case was not proved. The affidavit fell far short of showing any necessity for the sale. For this, if for no other reason, the decree should be reversed.

*C. H. Wood*, for the appellee.

1. The inadequacy of price is not enough to invalidate the sale, which was properly advertised and regularly made. *Clement* v. *Reid*, 9 S. & M. 535. The quarantine, which was against persons coming into the county, could not prevent bidding at the sale. No foreigners are in the habit of attending sales of this character, and any one especially interested might have written or telegraphed, and employed an agent to bid for him.

2. Even if the sale is set aside, the decree must stand. The bill alleges, and the affidavit shows, that the land could not be divided. The proceedings were regular. Due notice was given. The parties interested were all made defendants to the bill, and properly brought into court, according to the provisions of Code 1871, § 1069. The appellant, however, did not ask for a rehearing or give bond under Code 1871, § 1071, but objected only to the confirmation of the sale.

3. The clerk was not incapacitated to attend to his official duties. He had no interest in the case, and received no compensation. *Grinstead* v. *Buckley*, 32 Miss. 148. As he could have been examined as a witness, his affidavits could not disqualify him ; and his so-called agency was no more than to attend to filing the papers in the case and the like, which he was bound to do as clerk. The complainant's solicitor managed the case.

CHALMERS, J., delivered the opinion of the court.

The case abounds in errors. First: There was no sufficient affidavit to support the order of publication for the unknown defendants. The affidavit only states that the other parties in interest are unknown. The statute requires the further statement " that diligent exertions have been made without success to ascertain their names." Code 1871, § 1069. Second: The clerk of the court acted as agent of the complainant, swore to the bill, and made in his own name and on its behalf, every affidavit required in the cause. Then sitting at rules in vacation, he rendered a decree in its favor, ordering a sale of the land, and when this decree had been confirmed by the Chancellor, he acted as commissioner, made the sale, and executed deeds to the purchasers. The fact that he received no pay as agent does not affect the result. It is highly improper for any clerk to act as agent for a party litigant in his court, and doubly so for the clerk of a Chancery Court in this State upon whom are devolved by the statute *quasi* judicial functions as to many official acts. Third: There was no legal proof whatever in support of the allegations of the bill. The solicitor who prepared it, filed his own *ex parte* affidavit that he knew most of the land involved,

and that in his opinion it could not be divided in kind without impairing its value, and, upon no other showing than this, more than a thousand acres of land were ordered to be sold. The Act of Feb. 25, 1875 (Acts 1875, p. 119), dispenses with the necessity of the appointment of commissioners as provided by the Code of 1871 in this class of cases; but it requires the court to act upon "proof," which, of course, must be made by documentary evidence or depositions taken upon notice. Fourth : The sale took place during the prevalence of the yellow-fever at adjacent places, and at a time when the entire county in which it was made was under a rigid quarantine by which all the parties in interest were effectually prevented from being present. More than a thousand acres of land were sold for two hundred and twenty-one dollars, three fourths of which was bought by the complainant for one hundred and sixty-six dollars. In view of the circumstances under which it was made and the price realized, this sale should have been set aside.

The decree of confirmation, the decree of sale, and all precedent interlocutory orders are reversed, and the cause is remanded, with leave to the complainant to proceed as he may be advised, the complainant to pay the costs in both courts.	*Decree accordingly.*